UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 08-CV-12-KKC

DONOVAN ALTROY ANDERSON                                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

MICHAEL SALYERS, ET AL.                                                      DEFENDANTS

\*\*\* \*\*\* \*\*\*

Donovan Altroy Anderson ("Anderson"), an individual confined in the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"), has filed a complaint asserting a civil rights claim under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Carrie is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.  FACTUAL BACKGROUND**

Anderson was transferred to the United States Penitentiary - Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy") on April 27, 2004.  Shortly thereafter, he was assigned to the landscaping work detail, of which Defendant Salyers was the foreman.

On January 11, 2006, Defendant Salyers refused to permit Anderson to leave the work detail to visit the prison's commissary, and an argument ensued.  At some point during this argument, Defendant Salyers grabbed Anderson by the arm and pulled him to the entrance area of the building, pushed him up against a wall, and conducted a "pat down" search which Anderson describes as "abnormal."  Salyers then went into an office and returned with Defendant Brown, the facilities supervisor.  Anderson was then taken into a small side room and strip searched in the presence of both men.  Defendant Brown then left the room, and apparently nothing further came of the incident.

Anderson alleges that over the next several days Salyers attempted to convince him not to report the incident with both threats of writing up an incident report and offers of a favorable work detail.  At one point, Salyers told Anderson that he wanted him to be his "boy," at which point Anderson requested a transfer to another work detail.

On January 26, 2006, Anderson filed a "sensitive" grievance with the BOP's Mid-Atlantic Regional Office.  Anderson's grievance challenges Salyers's use of force as excessive and the strip search as unnecessary, but lacks any indication of the sexual

harassment suggested in his present Complaint. Around this time frame, Anderson indicates that he reported to the prison's medical facilities, seeking treatment for injuries allegedly sustained during his pat down and strip searches which occurred two weeks prior. Anderson told his examining physician, identified as a John Doe Defendant herein, of the "situation" with Defendant Salyers, but the physician did not take any independent action regarding Anderson's allegations.

On February 17, 2006, the BOP Regional Office Regional denied any relief. In its denial, the BOP indicated that any appeal must be received at the BOP's Central Office of Inmate Appeals within 30 days. Anderson waited until some six weeks later, on March 31, 2006, to file his appeal to the Central Office. The BOP's Central Office denied Anderson's appeal on May 19, 2006. The denial letter noted that Anderson's claims would be investigated by "another Bureau component," and that Anderson had been transferred to FCI-Edgefield on April 12, 2006, obviating the need for additional action.

Anderson filed the instant Complaint on January 10, 2008, seeking $4 million in compensatory and punitive damages. The Complaint names as Defendants Officer Salyers, facilities supervisor Brown, and physician John Doe.

## II. DISCUSSION

The conduct which forms the basis for Anderson's claims occurred from January 11, 2006 to January 26, 2006. A cause of action "accrues" and the statute of limitations thereon

begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights). However, because federal law requires a prisoner to exhaust administrative remedies prior to filing a civil rights suit, 42 U.S.C. § 1997e, the running of the statute of limitations is tolled while the prisoner exhausts his administrative remedies with reasonable diligence. *Cuco v. Federal Medical Center*, 2006 WL 1635668 (E.D.Ky. 2006). Anderson completed that administrative remedy process with the Central Office's denial on May 19, 2006, and the statute of limitations began to run at that time.

Because Section 1983 does not provide its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Anderson therefore was required to file a complaint asserting his civil rights claims on or

4

before May 19, 2007. Because Anderson did not file his present complaint until January 17, 2008, his claims are barred by the statute of limitations, and must be dismissed with prejudice.

### III.   CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff's Complaint [Record No. 2] is **DISMISSED WITH PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 4th day of February, 2008.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge